IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02278-PAB-CBS

JACINTO BARRON,
    Plaintiff,
v.

BENT COUNTY CORRECTIONAL FACILITY,
BRIGHAM SLOAN, Warden of Bent County Correctional Facility,
JAN BRYANT, Assistant Warden of Bent County Correctional Facility,
ANGIE TURNER, Contract Nurse, Bent County Correctional Facility,
MS. SCOBEE, Contract Nurse Practitioner, B.C.C.F.,
CORRECTIONS CORPORATION OF AMERICA (C.C.A.), and
MEDICAL STAFF, Bent County Correctional Facility,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action came before the court for a Preliminary Scheduling Conference on October 30, 2012. The court permitted Mr. Barron to file a Second Amended Prisoner Complaint on or before Monday November 19, 2012. (*See* Courtroom Minutes/Minute Order (Doc. # 19)).

    Mr. Barron brings his claims pursuant to 42 U.S.C. § 1983. (*See* Amended Complaint (Doc. # 6) at 6 of 11). Section 1983 creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston*

1

*Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).  *See also Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) ("In order to successfully state a cause of action under section 1983, [Mr. Barron] must allege . . . the deprivation of a federal right. . . .") (internal quotation marks and citation omitted).  To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

If Mr. Barron wishes to pursue his claims in this action, his Second Amended Complaint  "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that pro se pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Mr. Barron should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Mr. Barron alleges violation of the Eighth Amendment.  (*See* Doc. # 6 at 6 of 11).  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII.  Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. at 319.  Where an Eighth Amendment claim is based upon conditions of confinement, an inmate must satisfy a two-prong test that (1) the deprivation suffered was "objectively 'sufficiently serious,'" and (2) the defendant had a "sufficiently culpable state of mind" or was "deliberately indifferent" to the inmate's health or safety.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991).

The subjective component of an Eighth Amendment claim addresses whether Defendants had the culpable state of mind known as "deliberate indifference." *Farmer*, 511 U.S. at 834. Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). Negligence cannot be the basis for a constitutional violation. *See Camuglia v. City of Albuquerque*, 448 F.2d 1214, 1222-23 (10th Cir. 2006). An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry*, 900 F.2d at 1496. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks and citation omitted). As a matter of law, differences of opinion between prisoner and prison doctors fail to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Mr. Barron alleges violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (*See* Doc. # 6 at 6 of 11). The ADA applies to state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). Title II of the ADA states, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. § 12132. "To state a claim under Title II, the plaintiff must allege that (1) he is a

qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Id.* at 1193. (citations omitted).  "A plaintiff asserting a private cause of action for violations of the ADA . . . may only recover compensatory damages upon a showing of intentional discrimination," *Delano-Pyle v. Victoria County*, 203 F.3d 567, 575 (5th Cir. 2002), and cannot sustain a claim based solely on isolated acts of negligence.  *Foley v. City of Lafayette*, 359 F.3d 925, 931 (7th Cir. 2004).  The treatment, or lack of treatment, concerning a medical condition does not provide a basis upon which to impose liability under the ADA.  *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA).  The proper defendant in a claim under Title II of the ADA is the public entity itself or an official acting in his or her official capacity on behalf of the public entity.  *Everson v. Leis*, 556 F.3d 484, 501 (6th Cir. 2009).  Title II of the ADA does not provide for suit against an official of a public entity in his or her individual capacity.  *Id.*

Some of the named Defendants are supervisory officials.  Supervisors cannot be held liable merely because of their supervisory positions.  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Barron must allege that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th

Cir. 1993). With respect to supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). When a plaintiff sues an official under § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well. *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). "[D]efendant- supervisors may be liable under § 1983 where an affirmative link exists between the unconstitutional acts by their subordinates and their adoption of any plan or policy. . . – express or otherwise – showing their authorization or approval of such misconduct." *Richardson*, 614 F.3d at 1200-1201 (internal quotation marks and citation omitted). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Accordingly, IT IS ORDERED that Mr. Barron shall file a Second Amended Prisoner Complaint on or before Monday, November 19, 2012. Chambers staff has enclosed with this Order a copy of the Prisoner Complaint form for Mr. Barron's use.

DATED at Denver, Colorado, this 31st day of October, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge