IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02278-PAB-CBS

JACINTO BARRON,
    Plaintiff,
v.

COLORADO DEPARTMENT OF CORRECTIONS,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant's Motion to Dismiss. Pursuant to the Order Referring Case dated August 28, 2012 (Doc. # 9) and the memorandum dated April 17, 2013 (Doc. # 30), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Barron's Response (filed May 8, 2013) (Doc. # 32), Mr. Barron's "Modification of Suit Pursuant to Court Order" (filed July 24, 2013) (Doc. # 38), the related hearings held on October 30, 2012 and August 21, 2013 (*see* Courtroom Minutes/Minute Orders (Docs. # 19 and # 40)), the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Barron is an inmate at the Bent County Correctional Facility ("BCCF") of the Colorado Department of Corrections ("CDOC"). Proceeding in his *pro se* capacity, Mr. Barron filed his initial Complaint in the Bent County District Court on January 18, 2012, naming three Defendants. (*See* Doc. # 1-1). He filed an Amended Complaint on July 24, 2012, naming additional Defendants. (*See* Doc. # 1-8). On August 27, 2012, Defendants removed this civil action to federal court. (*See* Doc. # 1). Four Defendants filed an Answer to the Amended Complaint. (See Doc. # 17). The court held a Preliminary Scheduling Conference on October 30, 2012. (*See* Courtroom Minutes/Minute Order (Doc. # 19)). At the hearing, Mr. Barron requested and was granted

1

permission to file a Second Amended Prisoner Complaint on or before November 19, 2012. (*See id.*; Order (Doc. # 20)). Mr. Barron sought and was granted a 60-day extension of time and filed his Second Amended Complaint ("SAC") on January 18, 2013. (*See* Docs. 21, # 23, # 24).

In the SAC, Mr. Barron brings a single claim pursuant to 42 U.S.C. § 1983. (*See* SAC (Doc. # 24) at 3-4 of 16). The claim arose out of events that occurred at BCCF between November of 2011 and January of 2012. Mr. Barron alleges that on November 22, 2011 he "fell from his top bunk and re-injured his lower right abdomen." (See Doc. # 24 at 4 of 16). Mr. Barron was examined that day by a nurse at the BCCF Medical Department. (*See id.*). On November 23, 2011, a nurse referred him to the Centura Health Emergency Department where a physician recommended hernia surgery, medication, and a bottom-bunk restriction. (*See* Doc. # 24 at 3-4 of 16). From November 24-28, 2011, Mr. Barron "was placed in a medical holding cell" and "given medication and bed rest." (*See id.* at 4 of 16). On December 2, 2011, a nurse submitted a second request for hernia surgery. (*See id.*). Mr. Barron felt increased pain through December 16, 2011, and began using a cane. (*See id.*). On January 11, 2012, the CDOC denied the request for surgery. (*See id.*). Mr. Barron alleges that by failing to approve hernia surgery, the CDOC was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. (*See* Doc. # 24 at 3-4 of 16). Mr. Barron seeks $10,000,000.00 in damages. (*See id.* at 8 of 16).

II.     Standard of Review

Defendant moves to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). Defendant's assertion of Eleventh Amendment immunity constitutes a challenge to the allegations of subject matter

jurisdiction in the SAC. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("Once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction.") (original emphasis omitted)). The determination of subject matter jurisdiction is a threshold issue of law, *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987), that the court addresses before turning to the merits of the case. *Ruiz*, 299 F.3d at 1180. A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). *See also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction.") (internal quotation marks and citations omitted). As the party asserting jurisdiction, Mr. Barron bears the burden of establishing that this court has jurisdiction to hear his claims. *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (internal quotation marks and citation omitted). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Barron appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). *See also Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.   Analysis

A.   Eleventh Amendment Immunity

Defendant argues that the SAC must be dismissed based on Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. "[T]he Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." *AMISUB (PSL), Inc. v. State of Colorado Dep't of Social Servs.*, 879 F.2d 789, 792 (10th Cir. 1989) (citation omitted). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted).[1]

---

[1]   The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988), and § 1983 did not abrogate the states' Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340–345 (1979).

Mr. Barron is suing Defendant CDOC for money damages. The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. "[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) (citation omitted), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). [2] Mr. Barron's claim against Defendant CDOC is properly dismissed as barred by the Eleventh Amendment.[3]

B.   Exhaustion of Administrative Remedies

Defendant also moves for dismissal of the SAC on the ground that Mr. Barron failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Booth v. Churner*, 532 U.S. 731, 731-32 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). *See also Jones v. Bock*, 549

---

[2]   Further, § 1983 applies only to "persons" and, when sued solely for money damages, as in this case, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989); *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

[3]   While the Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against a state, *Ex parte Young*, 209 U.S. 123, 159–60 (1908), Mr. Barron does not seek injunctive relief.

U.S. at 210-212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, -- rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted). Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies. *Id.*, 549 U.S. at 218 (citation omitted). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

After *Jones v. Bock*, a failure to exhaust administrative remedies constitutes an affirmative defense which must be pled and proved by defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Nevertheless, "district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies") (internal quotation marks and citation omitted). *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

The CDOC has a grievance procedure available to inmates. (*See* CDOC Administrative Regulation ("AR") No. 850-04, Attachment 1 to Defendant's Motion (Doc. # 29-1 at § IV.).[4] AR 850-04 requires an informal complaint and a formal three-step written grievance procedure. (*See id.* at § IV.). A Step 1 grievance must be filed no later than thirty calendar days after the date the prisoner knew, or should have known, of the facts giving rise to the grievances. (*See id.*). When

---

[4] The court may take judicial notice of the CDOC's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court may take judicial notice of agency rules and regulations); *Muniz v. Kaspar*, No. 07-cv-01914-MSK-MJW, 2008 WL 3539270, at * 3 (D. Colo. Aug. 12, 2008) (taking "judicial notice of AR 850-04, the administrative regulation describing the grievance process") (copy of unpublished case attached to this Recommendation).

an offender wishes to proceed to the next step in the process, the offender shall file the next step within five calendar days after receiving a written response to the previous step. (*See* Doc. # 29-1 at § IV). A Step 3 grievance is the final step in the grievance process. (*See id.*).

Mr. Barron alleges and concedes that he did not file a grievance with respect to his claim in the SAC. (*See* Doc. # 24 at 7 of 16, ¶ F.2.; audio recording of August 21, 2013 Status Conference (at which Mr. Barron conceded he only filed "the first step.")). Because it is clear from the face of the complaint that Mr. Barron did not exhaust his administrative remedies as to the SAC, this civil action is properly dismissed for failure to state a claim to which relief can be granted.

In his submission entitled "Modification of Suit Pursuant to Court Order" filed on July 24, 2013, Mr. Barron appeared to be attempting to amend his SAC. (*See* Doc. # 38). His filing purported to remove Defendant CDOC and add as Defendants four BCCF employees. (*See* Doc. # 38 at 2 of 3). Mr. Barron clarified at the hearing held on August 21, 2013 that he did not intend to amend his SAC. (*See* audio recording of August 21, 2013 Status Conference).

Even if Mr. Barron intended to amend his SAC, the court may deny a motion to amend where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted). Mr. Barron's proposed amendment is futile for his conceded failure to exhaust available administrative remedies as to the claim brought in this lawsuit.

Further, the court may deny a motion to amend a complaint for failure to submit the complete proposed amended pleading. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d

1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading); *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion).

Neither Mr. Barron's arguments nor an amendment of his pleading can cure the legal deficiency that he failed to exhaust the required administrative grievance procedures as to the claims in his SAC. Accordingly,

IT IS RECOMMENDED that Defendant's Motion to Dismiss (filed April 16, 2013) (Doc. # 29) be GRANTED and this civil action for money damages against the Colorado Department of Corrections be dismissed without prejudice pursuant to Fed. R. Civ. P 12(b)(1) as barred by the Eleventh Amendment and/or dismissed without prejudice pursuant to Fed. R. Civ P. 12(b)(6) for failure to state a claim to which relief can be granted based on failure to exhaust the required administrative grievance procedures.[5]

---

[5] "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice."). Also, unexhausted claims are to be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07–3165, 2008 WL 1773866, at *1 & n. 1 (D.Kan. Apr. 16, 2008) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 220-24 (2007)) (copy of unpublished case attached to this Recommendation).

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 4th day of September, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge